22641

In the Matter of David Ross CLARKE.

(351 S. E. (2d) 573)

Supreme Court

*David Ross Clarke*, Belton, *pro se.*

*Attorney Gen. T. Travis Medlock, Sr. Asst. Atty. Gen. Richard B. Kale, Jr.,* and *Deputy Atty. Gen. William K. Moore,* Columbia, *for complainant.*

Heard Nov. 18, 1986.

Decided Dec. 15, 1986.

*Per Curiam:*

This matter is before the Court as a result of a report of the Board of Commissioners on Grievances and Discipline. After a hearing, the Hearing Panel recommended to the Board of Commissioners on Grievances and Discipline that the appropriate sanction would be disbarment. The Board of Commissioners independently found and concurred in the

recommendation of the Hearing Panel that respondent David Ross Clarke be permanently disbarred.

On or about April 24, 1985, the respondent was arrested in Henry County, Georgia, and charged with a violation of the Georgia Controlled Substance Act by bringing into the State of Georgia and offering to sell one kilogram of methamphetamine and with possession of a firearm in the commission of a felony. Respondent pled guilty to both charges and was sentenced to imprisonment.

Our independent review of the record and the pertinent Rules on Disciplinary Procedure convinces us that the respondent should be disbarred from the practice of law in South Carolina. Respondent has been convicted of a serious crime [Supreme Court Rule on Disciplinary Procedure, § 6]; engaged in conduct which brings the legal profession into disrepute [Supreme Court Rule on Disciplinary Procedure, § 5(D)]; engaged in conduct prejudicial to the administration of justice [D.R. 1-102(A) (5)]; engaged in conduct which adversely reflects on his fitness to practice law [D.R. 1-102(A) (6)]; and engaged in illegal conduct involving moral turpitude [D.R. 1-102(A) (3)]. Disbarment is the appropriate sanction. See *Matter of Mann*, 285 S. C. 488, 331 S. E. (2d) 780 (1985).

IT IS HEREBY ORDERED that David Ross Clarke be and hereby is permanently disbarred. His name shall be stricken from the list of attorneys licensed to practice in the State of South Carolina.

IT IS FURTHER ORDERED that respondent return his Certificate to Practice to the Clerk of this Court within ten (10) days from the date of this order. In addition, he shall file an affidavit with the Clerk within fifteen (15) days from the date of this Order showing that he has fully complied with the provisions of the Order and Section 30 of the Rule on Disciplinary Procedure.